UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID LEE MOORE,
a.k.a. Tagaya Shabaka

        Plaintiff,

v.                                               Case No. 3:22-cv-977-BJD-PDB

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____

## ORDER

Before the Court is Plaintiff's Motion in Opposition to the Finding's [sic] of the Court" (Doc. 6), which the Court construes as a motion for reconsideration of its order dismissing this action. The Court dismissed this action under the three-strikes provision of the Prison Litigation Reform Act (PLRA), finding Plaintiff did not allege facts showing he was in imminent danger of serious physical injury but rather alleged past harm. *See* Order (Doc. 4). For instance, Plaintiff alleged in his complaint that he wanted the Florida Department of Corrections to be held accountable for providing him with inadequate medical care from August 26, 2021, through January 31, 2022. *See* Doc. 1 at 56. These allegations of past harm do not trigger the imminent-

danger exception to the three-strikes bar. *See Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021) (citing *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999)).

In his motion, Plaintiff contends the Court improperly concluded he did not allege imminent danger. He says he had surgery on his right eye in July 2022, but the surgeon failed to "remove the [cataracts, which is] . . . causing [him] to go blind . . . in [that] eye." Doc. 6 at 5. Not only did Plaintiff not allege as much in his complaint, but his suggestion that the surgery was botched is conclusory. Moreover, Plaintiff acknowledges he has received medical treatment for his eye condition. In other words, he does not allege a "total lack of treatment" for a life-threatening illness. *See Mitchell v. Nobles*, 873 F.3d 869, 874 (11th Cir. 2017) (explaining "the type of medical situation that qualifies as an 'imminent danger'" under the PLRA). *See also Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) ("A prisoner alleges imminent danger of serious physical injury, when he alleges that a total withdrawal of treatment for serious diseases, including human immunodeficiency virus ("HIV") and hepatitis, will cause him to suffer from severe ongoing complications, increased susceptibility to various illnesses, and a rapid deterioration of his condition.").

In short, Plaintiff identifies no grounds that would entitle him to be relieved from the order dismissing the action. *See* Fed. R. Civ. P. 60(b) ("[T]he

court may relieve a party . . . from a final judgment, order, or proceeding for [limited] reasons[, including] mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud." (internal numbering omitted)). Accordingly, his motion is **DENIED**. If Plaintiff wants to pursue a claim for deliberate indifference, he may initiate a new case and pay the filing fee.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of October 2022.

                                BRIAN J. DAVIS
                                United States District Judge

Jax-6
c:   David Lee Moore